<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHAD JONES,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 15-3873 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court upon the appeal of Rashad Jones ("Plaintiff") from the final decision of the Commissioner upholding the final determination by Administrative Law Judge ("ALJ") Kimberly Shiro denying Plaintiff's application for disability insurance benefits ("DIBs") under the Social Security Act (the "Act"). The Court resolves this matter on the parties' briefs pursuant to Local Civil Rule 9.1(f). The Court has reviewed the parties' submissions. For the following reasons, the Court remands the matter for further proceedings.

**I. BACKGROUND**[1]

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 8.

1

## II. STANDARD OF REVIEW

A reviewing court will uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Additionally, under the Act, disability must be established by objective medical evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*; *see* 42 U.S.C. § 1382c(a)(3)(A). Factors to consider in determining how to weigh evidence from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." *Jones*, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision" and not merely make conclusory unexplained findings. *Burnett v. Comm'r of Soc. Sec*, 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, the Court is not

2

"empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). It does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. *Monsour Med. Ctr. V. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)). Finally, the Third Circuit has made clear that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

## III. THE FIVE STEP PROCESS AND THE ALJ'S DECISION

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382. Pursuant to the Act, a claimant is eligible for benefits if he meets the income and resource limitations of 42 U.S.C. §§ 1382(a)(1)(A)-(B) and demonstrates that he is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only if his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Third Circuit has summarized "the five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

3

> In <u>step two</u>, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In <u>step three</u>, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> <u>Step four</u> requires the ALJ to consider whether the claimant retains the residual functional capacity [("RFC")] to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994).
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the <u>final step</u>. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

*Jones*, 364 F.3d at 118-19 (formatting and emphasis added). "The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step." *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)). Neither party bears the burden of proof at step three. *Id.* at 263 n.2.

The ALJ engaged in the above five-step sequential evaluation and found: (Step 1) that Plaintiff "has not engaged in substantial gainful activity since October 25, 2010, the alleged onset date" (R. at 10); (Step 2) that Plaintiff "has the following severe impairments: coronary artery disease; uncontrolled hypertension; obesity; asthma; knee arthritis; [and] depression" (*id.*); (Step 3) that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" (*id.* at 10-11); (RFC) that Plaintiff has the RFC to perform sedentary work with the following limitations:

4

> He is able to lift and carry up to 10 pounds occasionally and less than 10 pounds frequently; able to stand and or walk up to two hours and to sit up to six hours out of an eight-hour workday. He is unable to climb ladders, ropes or scaffolds; cannot kneel or crawl and can occasionally climb ramps and stairs[,] balance, stoop and crouch. He must avoid concentrated exposure to temp extremes, wetness, humidity, vibration, flumes, odors, dusts, gases, poor ventilation and hazards (unprotected heights and moving mechanical parts). He can perform simple, routine tasks with occasional contact with coworkers and supervisors and no public contact

(*id.* at 12); (Step 4) that Plaintiff "is unable to perform any past relevant work" (*id.* at 15); and (Step 5) that given Plaintiff's age (35), education (at least a high school education), work experience (not material), and RFC, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" (*id.* at 15). At step five, the ALJ heard the testimony of a vocational expert. (*Id.* at 15-16.) The vocational expert determined that Plaintiff "would be able to perform the requirements of representative occupations such as: cashier checker," "inspector hand packager," and "merchandise marker." (*Id.* at 16.) For these reasons, the ALJ found Plaintiff not to be disabled. (*Id.*) Plaintiff challenges the ALJ's step three, RFC, and step five findings. (*See* Pl.'s Br. at 12-14.)

## IV. DISCUSSION

Prior to addressing Plaintiff's specific arguments, the Court notes that Plaintiff's brief fails to comply with Local Civil Rule 9.1. It contains no meaningful statement of the issues for review (*see* L. Civ. R. 9.1(e)(5)(A)), no statement of facts (separate from the procedural history) (*see id.* 9.1(e)(5)(B),(C)), and few citations to the Record to support factual statements (*see id.* at 9.1(e)(5)(C)). Although Plaintiff has provided inadequate support for his arguments and factual assertions, to avoid additional delay for re-briefing and to not punish the Plaintiff for the errors

of his counsel, the Court has addressed Plaintiff's arguments based on the ALJ's decision, citations provided by the Government, and its own research.[2]

### A. Step Three

Plaintiff argues that the "ALJ's step three analysis does not mention plaintiff's hypertension, obesity or his heart condition," and that his "pulmonary condition, labeled as 'asthma' in the decision, and found to be a severe impairment at step two, is likewise ignored at step three." (Pl.'s Br. at 10-11.) Plaintiff further argues that the ALJ's "step three listing analysis does not mention plaintiff's pulmonary conditions, does not identify a single respiratory listing, does not mention obesity nor does it recognize the governing directives for the evaluation of obesity alone or in combination with other impairments provided by SSR 02-1p." (*Id.* at 12.)

In *Jones*, the Third Circuit made clear that *Burnett* "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis," so long as the ALJ provides sufficient analysis "to permit meaningful review." 364 F.3d at 505; *see also Scuderi v. Comm'r of Soc. Sec.*, 302 F. App'x 88, 90 (3d Cir. 2008) ("[A]n ALJ need not specifically mention any of the listed impairments in order to make a judicially reviewable finding, provided that the ALJ's decision clearly analyzes and evaluates the relevant medical evidence as it relates to the Listing requirements."); *Klangwald v. Comm'r of Soc. Sec.*, 269 F. App'x 202, 204 (3d Cir. 2008) ("After broadly concluding that [the claimant] 'has no impairment, which meets the criteria of any of the listed impairments,' the ALJ followed this conclusion with a searching review of the medical evidence. Under our precedents, this is sufficient."). Here, although the ALJ did not specifically identify listings related to heart disease,

---

[2] Plaintiff's brief lays out critiques mostly without putting forth positive arguments for why a different finding is justified. Because the issue of attorney's fees is not presently before the Court, it has not analyzed the effect, if any, that counsel's failure to comply with the briefing rules (and the corresponding burden placed on the Court) should have on any award of such fees.

6

she did reference Plaintiff's heart disease in the step three discussion (*see* R. at 11) and provided a detailed analysis of his medical records including with respect to his heart disease in other parts of the decision (*see id.* at 13-15). Therefore, the Court finds Plaintiff's arguments related to heart disease to be without merit. The Court reaches a different decision however with respect to Plaintiff's obesity and asthma, both of which were found to be severe at step two, and neither of which are mentioned in the step three analysis. The ALJ does discuss Plaintiff's records with respect to shortness of breath and difficulty of breathing in her RFC analysis, but there is no indication that she considered asthma in combination with Plaintiff's other impairments at step three.

With respect to obesity, the only references to this severe impairment are brief statements about the Plaintiff's weight in the RFC analysis. While no magic words are necessary to satisfy the ALJ's step three obligations, such a cursory reference only as part of the RFC analysis is insufficient. "[A]n ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009). In *Diaz*, the Third Circuit found the "ALJ's citation of reports by doctors who were aware of Diaz's obesity sufficed" insufficient to meet this requirement. *Id.* The Third Circuit stated: "Were there *any* discussion of the combined effect of Diaz's impairments, we might agree with the District Court. However, absent analysis of the cumulative impact of Diaz's obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function." *Id.* & n.3 (emphasis in original) (collecting cases reaching a similar conclusion). This Court agrees with *Mason v. Colvin*, No. 15-1861, 2015 WL 6739108 (D.N.J. Nov. 3, 2015), regarding the

7

acceptable level of explanation where obesity is an impairment to be considered. The Court in *Mason* held:

> [T]he ALJ did consider Plaintiff's obesity in combination with her other impairments. She explicitly said, "I have considered the potential impact of obesity in causing or contributing to co-existing impairments as required by Social Security Ruling 02-01p." The ALJ went on to quote the Ruling at length, and then explain how obesity can impact other impairments, such as respiratory ailments. The ALJ concluded her discussion by finding that Plaintiff's obesity in combination with her other impairments would in fact not allow her to perform any level of work besides light work. This amount of discussion satisfies the Third Circuit's mandate for enough discussion "sufficient to enable meaningful judicial review."

*Id.* at *4 (quoting the ALJ opinion and *Diaz*) (internal citations omitted). Contrary to the Defendant's arguments, requiring explanation for a finding is not undertaking a "de novo review of the commissioner's decision." (*See* Def.'s Br. at 4.) Rather, it is ensuring that the ALJ has provided sufficient analysis to enable this Court an opportunity for meaningful review of the basis for the decision. Because the ALJ failed to adequately address Plaintiff's asthma and obesity at step three, the Court will remand the matter for further consideration and/or explanation of these impairments in combination with Plaintiff's other impairments.

### A. RFC Finding

Plaintiff's primary disagreement with the ALJ's RFC finding is that the ALJ found that Plaintiff is "able to stand and or walk up to two hours." (Pl.'s Br. at 13.) Plaintiff argues that the ALJ "decision, which places 'great weight' on Dr. Ahmed's opinion does not explain how plaintiff could walk and stand for two hours in an eight hour workday or how plaintiff could perform jobs one-handed (he needs to use one hand and arm to employ the cane) while standing." (*Id.* at 13; *see also id.* at 21.) Defendant counters this argument by citing Plaintiff's medical records addressing his gait and walking. (*See* Def.s' Br. at 15-17.) Defendant's argument misses Plaintiff's point. His point is that the medical examiner, on whom the ALJ

8

placed great weight, has findings that appear inconsistent with the RFC determination, without explanation. Defendant argues that the limitations referenced by Plaintiff are simply "Dr. Ahmed record[ing] Plaintiff's subjective reports." (*Id.* at 16.) The Court disagrees. Although Dr. Ahmed does record Plaintiff's subjective complaints (*see id.* at 551-52), Dr. Ahmed also reports in the "Passive Range of Motion Chart" section that Plaintiff cannot walk at a reasonable pace, that he can walk short distances without an assistive device, that he needs an assistive device for support and balance, and that he can walk 2 blocks with an assistive device and 1/2 block without it. (*Id.* at 559.) These comments are not in the subjective reporting section. (*Id.*) Moreover, in discussing Dr. Ahmed's report, the ALJ states that the RFC "does not involve prolonged walking or standing," and is "consistent with the claimant's testimony that he . . . could stand for about twenty minutes without his cane," and could "walk for thirty minutes without it." (*Id.* at 14.) However, the RFC determination provides that Plaintiff can "stand and or walk up to two hours." (*Id.* at 12.) Although there may be certain medical records at points in time indicating a normal gait or that Plaintiff is "ambulating well" (*see, e.g., id.* at 332, 627, 696, 703), without additional explanation for the basis of the ALJ's finding, the Court does not understand how the RFC finding is consistent with Dr. Ahmed's report, which was given great weight or with Plaintiff's testimony (which appears to have been at least partially credited by the ALJ).[3]

---

[3] Dr. Ahmed's notation that Plaintiff's cane was not prescribed (*see* R. at 559) does not impact this decision. Regardless of whether an assistive device was prescribed, Dr. Ahmed reported on Plaintiff's ability to walk at a reasonable pace, and the distance that he could walk without the cane. (*Id.*) It is these findings that do not appear consistent with the RFC finding and require additional evaluation and/or explanation.

### B. Step Five

Plaintiff argues that the hypotheticals posed to the vocational expert did not account for all of Plaintiff's limitations. (Pl.'s Br. at 23.) "A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, Plaintiff's step five analysis is essentially duplicative of his challenge to the ALJ's RFC finding. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d. Cir. 2005). Because the Court has already found that the ALJ's RFC finding requires additional explanation, it does not separately address Plaintiff's step five argument.

## V. CONCLUSION

For the foregoing reasons, the Court remands the matter for further proceedings consistent with this Opinion. An appropriate Order follows this Opinion.

DATED: March 8, 2016

JOSE L. LINARES
U.S. DISTRICT JUDGE